IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN DAVID MINCH, )
) CA No. 13-594
    Plaintiff, )
)
V.

CAROLYN COLVIN,

    Defendant.

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff, proceeding pro se, filed for disability benefits pursuant to Title II and Title XVI of the Social Security Act, claiming disability due to mental and physical impairments. Plaintiff's claims were denied initially, and upon hearing. At the hearing, Plaintiff participated pro se via videoconference from the Allegheny County Jail.[1] Before the Court are the Plaintiff's Motion for Judgment on the Pleadings, and Defendant's Motion for Summary Judgment. The present Motions focus solely on Plaintiff's claim of physical disability relating to his back pain. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded for further proceedings.

### OPINION

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

---

[1] Plaintiff is currently incarcerated, after being convicted of first degree murder on November 15, 2013. As Defendant observes, if he is deemed disabled, Plaintiff cannot receive benefits while incarcerated.

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).

## II. THE PARTIES' MOTIONS

Plaintiff's appeal focuses on his allegations of disability due to back pain resulting from repetitive flexing, bending, or twisting of his back. He asserts several challenges: 1) that an examining consultant, Dr. Sella, stated that he would need to further examine Plaintiff, but no further examination occurred; 2) that Plaintiff testified that he could not repeatedly bend his back, and the VE testified that there would be no jobs available for a person with such limitations; and 3) that the record was devoid of evidence to contradict Plaintiff's testimony regarding pain when bending his back. In this relatively unique case, each of Plaintiff's arguments flows from the ALJ's treatment of the medical evidence of record, including Dr. Sella's opinion, and the fact that Plaintiff was unrepresented.

> Although lack of counsel alone is not cause for remand when the claimant knowingly has waived the right to counsel, remand is appropriate when the lack of

counsel prejudices the claimant or causes unfairness at [the] administrative level, such as when the ALJ fails to adequately develop the administrative record." For example, "[r]emand is appropriate when the ALJ 'has failed to exercise his authority to attempt to fill significant evidentiary gaps that are material to the disability determination.'"

Orner v. Astrue, No. 10-3083, 2011 U.S. Dist. LEXIS 145401, at *23 (E.D. Pa. Aug. 24, 2011) (citations omitted).

"When a claimant properly waives his right to counsel and proceeds pro se, the ALJ's duties are 'heightened.'" Moran v. Astrue, 569 F.3d 108, 113 (2d Cir. 2009). "In fulfilling the duty to help a pro se claimant develop the record, an ALJ must scrupulously and conscientiously probe into, inquire of and explore for all the relevant facts." Venturini v. Astrue, No. 9-987, 2011 U.S. Dist. LEXIS 29705, at *8 (W.D. Pa. Mar. 23, 2011).

In this case, the ALJ observed that Dr. Sella, a consulting examiner, conducted an "entirely negative" examination, without finding myofascial problems or lumbar spinal radiculopathy. A non-examining physician, Dr. Lateef, reviewed the Plaintiff's records in 2008 and arrived at an RFC of light duty with certain postural and environmental limitations. Dr. Lateef also noted that Plaintiff's complaints of back pain were "mostly credible," without explication. The ALJ then noted that records from the Allegheny Correctional health services confirmed Plaintiff's chronic back pain, and noted that he was taking Metformin and Neurontin, but "without indicating any significant functional deficits resulting from any of these ongoing conditions." He observed that treatment for physical health impairments had been sparse since 2005, with few objective findings or functional deficits. The ALJ also noted that Plaintiff's overall credibility was

3

adversely affected by his assault on his daughter and an expressed desire to murder his grandparents.[2]

Following examination, Dr. Sella opined as follows:

> [Plaintiff described a back injury at work in 2000]. He damaged he said L3, L4, L5 and S1. He has pain in the back ever since. The clinical examination today was entirely negative. No x-rays are available to document damage to the disks. His story is credible. He is also quite deconditioned. He did not show any myofascial problem or LS radiculopathy. However, he is credible….He needs further investigation with regards to his low back pain in order to enable him or the examiner to decide further on functional abilities.

Accordingly, Dr. Sella opined that further investigation was needed in terms of functional abilities. The ALJ considered and accepted Dr. Sella's opinion, but did not address the portion of the report recommending "further investigation." Moreover, both Dr. Sella and Dr. Lateef stated that Plaintiff was credible. As the ALJ noted, subsequent records from Plaintiff's incarceration confirm back pain and treatment for that ailment, but do not address functional impairments. The medical evidence of record confirms problems of the lumbar spine, such as degenerative disc disease. Dr. Sella's observation regarding the need for further investigation, combined with Plaintiff's pro se status and his incarceration,[3] necessitate remand. In an abundance of caution, this matter will be remanded in order for the ALJ to address whether further investigation is required regarding Plaintiff's back pain, and to conduct, obtain, or facilitate such investigation if appropriate. Of course, if developments on remand call for a reassessment of Plaintiff's subjective complaints, or a revised hypothetical to the VE, the ALJ is empowered to hold an additional hearing.

---

[2] I note that some courts limit adverse credibility findings, if based on criminal history, to crimes involving moral turpitude. See Albidrez v. Astrue, 504 F. Supp. 2d 814, 822 (C.D.Cal. 2007).
[3] While Plaintiff does not aver that he was unable to obtain medical records while incarcerated, one might surmise that he had less ready access to evidence during that time.

I have considered the remainder of Plaintiff's challenges, and find no isolated error in the remainder of the record. If the ALJ's determinations remain unchanged following remand, the remainder of the record shall stand.

**CONCLUSION**

For the foregoing reasons, this matter will be remanded to ensure complete development of the record as it pertains to Plaintiff's back pain. An appropriate Order follows.

**ORDER**

AND NOW, this 13th day of March, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is GRANTED, and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court